UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAI FENG CHEN,<br><br>*Plaintiff*,<br><br>v.<br><br>AAA RECYCLE MANAGEMENT, LLC d/b/a ADVANCED GREEN SOLUTIONS and LINING CHEN, an individual,<br><br>*Defendants*. | Civil Action No. 17-8754<br><br>OPINION |

**THIS MATTER** comes before the Court on Plaintiff Cai Feng Chen's ("Plaintiff") motion for default judgment against Defendants Lining Chen and AAA Recycle Management, LLC d/b/a Advanced Green Solutions ("AGS" and, collectively, "Defendants") pursuant to Federal Rule of Civil Procedure 55(b)(2). ECF No. 7. For the reasons set forth herein, the motion is **GRANTED in part** and **DENIED in part**.

I. **BACKGROUND**

On April 19, 2016, Plaintiff and Defendants entered into a Settlement and Release Agreement (the "Agreement") to resolve all claims in a previously instituted action in this district. Compl. ¶¶ 6-7; id., at Ex. A. The Agreement requires Defendants to pay Plaintiff a total of $171,000.00 in sixty monthly installments. Id. ¶ 10. The Agreement also contains an acceleration clause that permits Plaintiff to seek the full principle amount in the event of Defendants' default. Id. ¶ 11. The Agreement permits Defendants to cure a default within ten days of receiving notice thereof. Id. ¶ 13.

Along with the Agreement, Defendant Lining Chen, who is the owner of AGS, also signed

1

an Affidavit of Confession of Judgment ("Confession of Judgment") that authorizes immediate and uncontested entry of judgment against Defendants in the event of any breach of the Agreement. See id., at Ex. A. Upon such breach, the Confession of Judgment also authorizes entry against Defendants of: (1) statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, 1924; (2) reasonable attorneys' fees incurred in entering and enforcing the judgment; and (3) interest on the judgment pursuant to 28 U.S.C. § 1961. Id. ¶ 3.

Defendants failed to make the August 2017 and September 2017 installment payments required under the Agreement, and they did not cure their default after Plaintiff provided notice thereof. Compl. ¶¶ 14-23. On October 7, 2017, Plaintiff's counsel gave notice of acceleration of the outstanding principal balance of $156,000.06. Id. ¶¶ 25-26. On October 19, 2017, Plaintiff filed the instant Verified Complaint, seeking the full balance. ECF No. 1. On February 13, 2018, Plaintiff filed a Certificate of Service certifying that Defendants were served on February 7, 2018. ECF No. 5. On April 5, 2018, the Clerk of Court entered default. On April 19, 2018, Plaintiff filed the instant motion for default judgment against Defendants. ECF No. 7. The motion is unopposed.

## II. LEGAL STANDARD

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011

WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

In addition, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

## III. ANALYSIS

### A. Jurisdiction & Service

The Court has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendants. The Court has subject matter jurisdiction by virtue of diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and there is an amount in controversy exceeding $75,000. See Compl. ¶¶ 1-5. The Court has personal jurisdiction over Defendants because Defendants consented to exclusive jurisdiction in this district in Section 12 of the Agreement. See Agreement ¶ 12; Olde Homestead Golf Club v. Elec. Transaction Sys. Corp., 714 F. App'x 186, 188 (3d Cir. 2017).

The Court is also satisfied that Defendants were properly served. On February 7, 2018, Magistrate Judge Leda D. Wettre issued an order permitting service to Defendants via electronic mail to the address lee.ags@gmail.com, based on: (1) Plaintiff's demonstrated attempts to serve process at Defendants' stated address; and (2) the email address having been provided by Defendants in the Agreement for receipt of notice. See ECF No. 4. Plaintiff served Defendants at this email address pursuant to Judge Wettre's order, which is permitted under the Federal Rules of

Civil Procedure and the New Jersey Rules of Court. See Fed. R. Civ. P. 4(e)(1); N.J. Ct. R. R. 4:4-5.

### B. Liability

As Defendants have not filed an Answer or otherwise responded to the Complaint, the Court must accept the truthfulness of Plaintiff's well pled allegations as to liability. The Court is satisfied that Plaintiff has adequately pled a claim against Defendants for breach of contract.

To state a claim for breach of contract in New Jersey, a plaintiff must allege: (1) the existence of a valid contract between the parties; (2) that Defendant breached the contract; and (3) that Plaintiff suffered damages due to the breach. See AT&T Credit Corp. v. Zurich Data Corp., 37 F. Supp. 2d 367, 370 (D.N.J. 1999). Plaintiff has alleged that: (1) there was a contractual relationship with Defendants based on the Agreement, see Compl. ¶¶ 7-10; (2) Defendants breached the Agreement by failing to make required payments, see id. ¶¶ 14-23; and (3) that Plaintiff suffered damages as a result of the breach, see id. ¶¶ 24-26. Therefore, Plaintiff has sufficiently alleged that Defendants are liable for breach of the Agreement.[1]

### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Verified Complaint, Defendants do not have a meritorious defense. See Ramada, 2012 WL 924385, at *5. Second, the Court finds that Plaintiff will suffer prejudice absent entry of default judgment as it would have

---

[1] Because the Court finds that Plaintiff has established a valid cause of action and is entitled to its requested damages under its breach of contract claim, the Court need not assess Plaintiff's alternative theories of liability.

no other means of obtaining relief. Finally, the Court finds that Defendants acted culpably as they have been served with the Verified Complaint, are not infants or otherwise incompetent, and are not presently engaged in military service. See Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

Plaintiff seeks a default judgment comprised of: (1) $156,000.06 in damages under the Agreement; (2) $3,129.24 in prejudgment interest; (3) $814.47 in costs of suit; and (4) $3,585.00 in attorneys' fees. Plaintiff's Memorandum in Support of Motion for Default Judgment at 4-5 ("Pl.'s Br."), ECF No. 7.6.

First, the Court agrees that Plaintiff is entitled to the full balance owed under the Agreement—$156,000.06—based upon Defendants' default and the acceleration of judgment provision in the Agreement. Compl. ¶¶ 7-23; Certification of Christian Oehm, Esq. in Support of Default Judgment ¶¶ 12-19, ECF No. 7.1.

Second, while Plaintiff is entitled to prejudgment interest, the Court disagrees as to the amount. Under New Jersey law, the award of prejudgment interest for contract claims is subject to the Court's discretion. Cooper Distrib. Co., Inc. v. Amana Refrigeration, Inc., 63 F.3d 262, 284 (3d Cir. 1995) (citing Meshinsky v. Nichols Yacht Sales, Inc., 110 N.J. 464, 478 (1988)). "[T]he purpose of an award of prejudgment interest is 'to indemnify the claimant for the loss of what the moneys due him would presumably have earned if the payment had not been delayed.'" Id. (quoting Ellmex Constr. Co., Inc. v. Republic Ins. Co., 202 N.J. Super. 195, 212-13 (App. Div. 1985)). "The basic consideration is that the defendant has had the use, and the plaintiff has not, of the amount in question[.]" Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 505 (1974).

Here, Plaintiff asserts that prejudgment interest should be calculated from August 1, 2017 based on the full $156,000.06 amount due under the contract, see Pl.'s Br. at 4-5, but this calculation is not supported by the facts. First, under the Agreement, the August 2017 and September 2017 payments did not become due until August 10, 2017 and September 10, 2017, respectively. See Agreement ¶ 2. The Agreement also provides for a cure period of ten business days, however, and presumably no cause of action for breach would have accrued until that cure period expired. See id. ¶ 4. Moreover, the full, accelerated amount of $156,000.06 was not due to Plaintiff until October 7, 2017—the date Plaintiff provided notice to Defendants that the balance was being accelerated and was owed in full. See id. ¶ 5. Thus, Plaintiff is not entitled to prejudgment interest beginning on August 1, 2017, but the Court will allow Plaintiff to re-apply for prejudgment interest calculated from the dates on which the amounts awarded hereunder actually became due and owing.[2]

Finally, the Court finds that Plaintiff is entitled to costs and attorneys' fees as requested because: (1) Section 3 of the Confession of Judgment expressly provides that Plaintiff is entitled to costs and reasonable attorneys' fees in the event of Defendants' default under the Agreement, see Confession of Judgment ¶ 3; (2) Plaintiff's counsel has provided a certification of the costs and attorneys' fees incurred in this matter, which includes a breakdown of filing, service, and postage/printing costs as well as detailed entries memorializing the work undertaken in the case, see Certification of Christian Oehm, Esq. in Support of Default Judgment ¶¶ 3-9, ECF No. 7.4; and (3) the attorneys' fees are reasonable and do not appear to be "excessive, redundant, or

---

[2] The Court notes that the Confession of Judgment provides for interest under 28 U.S.C. § 1961, but this provision addresses post-judgment interest—not prejudgment interest—and thus does not bear on the Plaintiff's entitlement to prejudgment interest. See Confession of Judgment ¶ 3; 28 U.S.C. § 1961.

otherwise unnecessary[,]" see Interfaith Cmty Org. v. Honeywell Intern., Inc., 426 F.3d 694, 711 (3d Cir. 2005).

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff's motion for default judgment is **GRANTED in part** and **DENIED in part**. Judgment is entered for $156,000.06 in damages, $814.47 in costs, and $3,585.00 in attorneys' fees. Plaintiff may move within 30 days for an amended judgment, calculating prejudgment interest in accordance with this Opinion. An appropriate Order accompanies this Opinion.

**Dated: November 30, 2018**

*/s Madeline Cox Arleo*
**Hon. Madeline Cox Arleo**
**United States District Judge**
